UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>v.<br><br>ENG TAING and TOUZI CAPITAL, LLC,<br><br>         Defendants. | Case No.: 3:24-cv-02179-CAB-VET<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>[Doc. No. 5] |

  This matter comes before the Court on Proposed Intervenor Vince Faridani's ("Faridani") motion to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. [Doc. No. 5.] For the reasons set forth below, Faridani's motion to intervene is **DENIED**.

**I. BACKGROUND**

  In November 2024, the Securities and Exchange Commission ("SEC") filed a complaint alleging fraud against Eng Taing and the entity he controls—Touzi Capital, LLC. [Doc. No. 1.] The complaint alleges that Defendants made false representations to investing clients regarding the use of clients' funds and the company's investment business. [Doc. No. 1 at 1–4.] Additionally, Touzi Capital has allegedly collapsed and its investors

have been unable to communicate with the company or Defendant Taing. [Doc. No. 1 at 5.] The SEC seeks injunctive relief, disgorgement of ill-gotten gains, an officer and director bar against Defendant Taing, civil penalties, and pre-judgment interest. [Doc. No. 1 at 8.] Faridani filed a motion to intervene on January 9, 2025 to protect a claimed personal financial interest arising from investments made with Defendants. [Doc. No. 5.] The Court denies the motion.

## II. DISCUSSION

### a. Intervention as a Matter of Right

Faridani seeks to intervene in the case as a matter of right pursuant to Fed. R. Civ. P. 24(a). Intervention as a matter of right allows a non-party to become a party to a case to protect the non-party's interests that may be affected by the outcome of the litigation. *See* Fed. R. Civ. P. 24(a); *see also Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022). The proposed intervenor has the burden of showing that four requirements for intervention are met. *W. Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022). The requirements are as follows: (1) the motion must be timely; (2) the applicant must have a significantly protectable interest related to the property or transaction which is the subject of the action; (3) the applicant must be so situated such that the disposition of the action may impair or impede the party's ability to protect that interest, and; (4) the applicant's interest must be inadequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2); *Callahan v. Brookdale Senior Living Cmtys*, 42 F.4th at 1020.

Although the requirements are interpreted broadly in favor of intervention, *id.*, "[a]n applicant's failure to satisfy any one of the requirements is fatal to the application, and [the court] need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011) (internal quotation marks omitted). Given the early stage of this litigation, timeliness is not at issue. *See Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). The Court considers the remaining three factors below.

### i. Significantly Protectable Interest

A proposed intervenor has a "significantly protectable interest" in an action if (1) he asserts an interest that is protected under law, and (2) there is a "relationship" between his legally protected interest and the plaintiff's claims. *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996).

Faridani "requests intervention to ensure protection of his investment, the preservation of Defendants' assets, and equitable recovery consistent with the SEC's allegations." [Doc. No. 5 at 2.] Clearly, the money he invested is a legally protected property interest. *See Dickman v. Comm'r*, 465 U.S. 330, 336 (1984). This interest, based on Faridani's claimed, significant investment into the vehicle that the SEC is suing for ill-begotten gains, is one that is "direct, non-contingent, [and] substantial." *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981). Faridani's interest is not animated by some vague economic stake in the disposition of this suit. Rather, his claim is predicated on a fundamental proprietary relationship to the funds allegedly controlled by Defendants. *See, e.g.*, *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015) ("An individual's property is a fundamental example of a protected interest."). Faridani satisfies this second requirement.

### ii. Ability to Protect Interest; Adequacy of Representation

Even if the Court assumes that Faridani's ability to protect his interest is impaired, and that he satisfies the third requirement, the Court finds that he is adequately represented by the SEC in this action thus failing the fourth and final prong.

The Ninth Circuit "considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th. Cir. 2003). The "most important factor . . . is how the [proposed intervenor's] interest compares with the interests of existing parties." *Id.*

"The burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests may be inadequate." *Id*. (internal quotation marks omitted). However, where an existing party and the proposed intervenor share the same "ultimate objective," a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a "compelling showing" to the contrary. *Id*.

Here, the remedies sought by the SEC support an ultimate goal of maximizing financial distributions to defrauded investors as well as inhibiting future fraudulent activity by Defendants. Faridani states that, in intervening, he seeks "only to enhance . . . the Commission's efforts in holding the Defendants accountable and safeguarding investor funds." [Doc. No. 21 at 1.] This indicates complete alignment with the SEC's ultimate goal in this lawsuit.

As Faridani shares the same ultimate objective as the SEC, he must show that the SEC's representation will be inadequate. *See Arakaki*, 324 F.3d at 1086. But he fails to do so. Faridani's claim that his interests are not adequately represented by the existing parties is conclusory—he merely states that the SEC "does not prioritize individual investors' financial recovery" and that his participation "will complement the SEC's enforcement objectives by directly addressing investor-specific restitution." [Doc. No. 5 at 11.] The SEC, however, in bringing an enforcement action, is "mandated to act in the interest of maximizing the recovery to *all defrauded individuals* and therefore, [is] often presumed to be adequately representing the interests of non-party investors." *Sec. & Exch. Comm'n v. Callahan*, 193 F. Supp. 3d 177, 206 (E.D.N.Y. 2016) (emphasis added). Faridani fails to establish any specific argument that the existing parties will not make, nor does he address any elements necessary to the proceeding that they would neglect. *See S.E.C. v. ABS Manager, LLC*, No. 13-CV-319-GPC-JMA, 2013 WL 3752119, at *4 (S.D.

Cal. July 15, 2013). With Faridani failing to show how the SEC's representation is inadequate, his motion to intervene fails.[1]

The Court's finding that intervention is improper is in line with other courts that have been reluctant to allow private parties to intervene in government enforcement actions.[2] *See SEC v. TLC Invest. & Trade Co.*, 147 F. Supp. 2d 1031, 1041 (C.D. Cal. 2001) (denying investors' motion to intervene in SEC enforcement action because they had the same goal as the Receiver: "to maximize distributions to defrauded investors"); *see also U.S. Commodity Futures Trading Comm'n v. Efrosman*, No. 05 CIV 8422 KMW, 2012 WL 2510338, at *4 (S.D.N.Y. June 26, 2012).

Of course, this is not to say a defrauded investor can never intervene in an SEC enforcement action. *See S.E.C. v. Navin*, 166 F.R.D. 435, 441 (N.D. Cal. 1995). In *Navin*, a defrauded investor successfully intervened as the "SEC . . . made it clear it [would] not make all of the arguments that the [investor] would make." *Id.* Further, as compared to the current posture of this case, the court in *Navin* considered intervention at a stage in the litigation where it became clear that the intervenor's interests diverged from the SEC's— after the court entered judgment and appointed a receiver to guide the liquidation of the principal defendant's assets. *Id.* at 437 (considering the significant differences between the settlement plans proposed by the intervenor and the SEC).

//
//

---

[1] On April 14, 2025, Faridani submitted as an exhibit an order from the Bankruptcy Court for the Southern District of Texas prohibiting an entity, Tribolet Advisors, LLC, from transferring any cash or assets to Defendants. [Doc. No. 24.] This order from the bankruptcy court, filed in February of 2025, does not change the calculus here. There is no indication that there is any increased risk that the SEC's interests will deviate from the Faridani's due to that order.

[2] The SEC also argues that Section 21(g) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C § 78u(g), bars intervention in SEC actions without SEC consent, which Faridani does not have. [Doc. No. 16 at 14–15.] To the Court's knowledge, the Ninth Circuit has not ruled on this issue directly. Nevertheless, the Court need not resolve the question as Faridani fails to meet his burden in seeking to intervene under Rule 24(a).

### III. CONCLUSION

For the above-stated reasons, the motion to intervene in this case is **DENIED**. The Court may consider any motions to intervene at a later stage in the litigation.

It is **SO ORDERED**.

Dated: April 17, 2025

Hon. Cathy Ann Bencivengo
United States District Judge