Kenneth P. Herzinger (SBN 209688)
Kelsey R. McQuilkin (SBN 340288)
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
kennethherzinger@paulhastings.com
kelseymcquilkin@paulhastings.com

*Attorneys for Defendants*
ENG TAING and TOUZI CAPITAL, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ENG TAING AND TOUZI CAPITAL, LLC,<br><br>Defendants. | CASE NO. 3:24-cv-2179-CAB-BJW<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND TO CONSIDER DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Hearing Date: February 20, 2026<br>Courtroom: 15A<br>Judge: Hon. Cathy Ann Bencivengo<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

**TO THE HONORABLE JUDGE OF THE DISTRICT COURT AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE,** Defendants Eng Taing ("Taing") and Touzi Capital, LLC ("Touzi Capital") (together "Defendants") hereby request that the Court judicially notice and incorporate by reference certain documents submitted in support of its Motion for Partial Judgment on the Pleadings in this matter.

## I.   LEGAL STANDARD

When deciding a motion to dismiss, courts may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## II.   JUDICIAL NOTICE

Exhibits 1–6 of the Herzinger Declaration are true and correct copies of the documents described herein:

**Exhibit 1**: PECC Fund I, LLC Form D filed with the United States Securities and Exchange Commission on August 18, 2021 and available at https://www.sec.gov/Archives/edgar/data/1878791/000187879121000001/xslFormDX01/primary_doc.xml.

**Exhibit 2**: Teracel Blockchain Fund LLC Form D filed with the United States Securities and Exchange Commission on May 20, 2021 and available at https://www.sec.gov/Archives/edgar/data/1862229/000186222921000002/xslFormDX01/primary_doc.xml.

**Exhibit 3**: Teracel Blockchain Fund II, LLC Form D filed with the United States Securities and Exchange Commission on August 18, 2021 and available at

https://www.sec.gov/Archives/edgar/data/1878829/000187882921000001/xslFormDX01/primary_doc.xml.

**Exhibit 4**: Touzi Data Technology, LLC Form D filed with the United States Securities and Exchange Commission on August 8, 2022 and available at https://www.sec.gov/Archives/edgar/data/1939845/000193984522000001/xslFormDX01/primary_doc.xml.

**Exhibit 5**: Touzi Mining Invest II, LLC Form D filed with the United States Securities and Exchange Commission on July 15, 2022 and available at https://www.sec.gov/Archives/edgar/data/1939090/000193909022000001/xslFormDX01/primary_doc.xml.

**Exhibit 6**: Touzi Gem Inv, LLC Form D filed with the United States Securities and Exchange Commission on December 16, 2022 and available at https://www.sec.gov/Archives/edgar/data/1958869/000195886922000001/xslFormDX01/primary_doc.xml.

Under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record. Fed. R. Evid. 201(b); *see also Harris v. Cnty of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). This includes SEC filings. *See DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1218 (S.D. Cal. 2001) (taking judicial notice of several SEC filings); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (the court "may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings"). Exhibits 1–6 were filed with the SEC, who is the Plaintiff.

### III. INCORPORATION BY REFERENCE

Exhibits 7–9 of the Herzinger Declaration are true and correct copies of the documents described herein:

**Exhibit 7**: Private Placement Memorandum, including its Appendix B: Subscription Agreement, of a BTC Fund III entity, Touzi Data Technology, LLC, dated October 1, 2021.

   **Exhibit 8**: BTC Fund III Presentation, titled "Bitcoin Mining Fund III: Touzi Data Tech."

   **Exhibit 9**: PECC Fund III Presentation, titled "Private Equity Consumer Credit: PECC Fund III."

  The incorporation-by-reference doctrine extends to "situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Brand Tarzana Surgical Inst., Inc. v. Aetna Life Ins. Co.*, No. CV 18-9434 DSF (AGRx), 2019 WL 12381185, at *2 (C.D. Cal. May 13, 2019) (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Incorporation by reference is appropriate where, as here, "plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim[s]." *Ritchie*, 342 F.3d at 908.

  In its Complaint, Plaintiff refers extensively to, and even quotes from, the following documents, which are therefore properly incorporated by reference into the Complaint:

| Ex. | Document | Complaint ¶¶ | Example |
|---|---|---|---|
| 7 | Touzi Data Technology, LLC Private Placement Memorandum | 155, 174, 185, 203 | "Touzi Data Tech, LLC did not file a Form D but claimed *in its offering documents* that it was conducting a $10 million offering." (¶ 155) (emphasis added) |
|  | Appendix B: Subscription Agreement |  | "Although the risk of 'difficulty growth' was briefly mentioned in the BTC Funds' PPMs and |

| | | | |
|---|---|---|---|
| | | | referenced in some investor presentations, it was not included in the claimed cost to mine bitcoin or factored into the representations about investors' breakeven point." (¶ 185) "Each BTC Fund PPM represented that funds raised would be invested in a specific crypto asset mining company formed for the primary business of engaging in blockchain mining activities." (¶ 203) |
| 8 | BTC Fund III Presentation | 4, 140, 153, 174, 175, 177, 185, 191, 198 | "According to *an investor presentation for BTC Fund III*, it would acquire 1,000 miners in August 2021 that would be setup by December 2021 at facilities in Pueblo, Colorado." (¶ 153) (emphasis added) |
| 9 | PECC Fund III Presentation | 43, 47, 70, 77, 78 | "In marketing the PECC Funds, Defendants represented to investors that the Funds were 'very stable and predictable' and that due to their 'highly liquid nature' could be treated as 'an alternative to a high-yield savings account." (¶ 78) |

These documents also form the basis of Plaintiff's fraud claims, as they include the allegedly "materially false and misleading" statements the SEC claims Defendants provided to investors. Doc. No. 1 at 23–24.

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the six Exhibits, and incorporate by reference the three Exhibits, referenced in this Request for Judicial Notice and to Consider Documents Incorporated by Reference, attached to the Herzinger Declaration, and cited in Defendants' Motion.

| | | |
|---|---|---|
| 1 | DATED: January 16, 2026 | PAUL HASTINGS LLP |

By:   */s/ Kenneth P. Herzinger*
      KENNETH P. HERZINGER

*Attorneys for Defendants*
ENG TAING and TOUZI CAPITAL, LLC